UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
NOS. 22-5885 / 22-5912

**CHELSEY NELSON PHOTOGRAPHY, LLC, ET AL.**
*Plaintiffs-Appellees and Cross-Appellants*

V.    On Appeal from United States District Court
For the Western District of Kentucky
Case No. 3:19-cv-00851

**LOUISVILLE-JEFFERSON COUNTY, KY METRO GOVERNMENT, ET AL.**
*Defendants-Appellants and Cross-Appellees*

## DEFENDANTS-APPELLANTS' RESPONSE IN OPPOSITION TO AARON AND MELISSA KLEIN'S MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE

Defendants-Appellants/Cross-Appellees Louisville-Jefferson County Metro Government, et al. ("Metro"), by counsel, for their Response in Opposition to Aaron and Melissa Klein's Motion for Leave to File Brief of Amicus Curiae (Doc. 45), submit the following:

## INTRODUCTION

Aaron and Melissa Klein (the "Kleins") filed a Motion for Leave to File Brief of Amicus Curiae in support of Plaintiffs-Appellees Chelsey Nelson Photography, LLC and Chelsey Nelson (collectively, "Nelson") on March 1, 2023. The Kleins owned a bakery in Oregon which, unlike Nelson in this case, faced enforcement action when it declined to bake a cake for a same-sex wedding. The Kleins are still

litigating the repercussions of that refusal of service, most recently filing a petition for certiorari with the U.S. Supreme Court in September 2022, which remains pending. The Kleins are therefore not impartial third-parties, but parties to active litigation who seek to influence the case law that will apply to their own case.

The Kleins seek to interject facts from their case into the analysis of Nelson's claims which plainly are not before this Court. The Kleins' amicus curiae argument is based on their receiving a "financially devastating penalty of $135,000" and "gag order" under Oregon's public accommodations law. By contrast, Nelson never faced any enforcement action whatsoever (Metro had not heard of Nelson before she sued Metro). The facts at issue in the Kleins' case included disputed nuances of discussions of religious belief with the customers they declined, which implicated the Kleins' rights to free exercise of religion. *See Klein v. Oregon Bureau of Labor and Industries*, 506 P.3d 1108, review denied, 509 P.3d 119 (Or. App. 2022). By contrast, Nelson filed this case as a pre-enforcement challenge based on hypothetical facts (Nelson has never been asked to photograph a same-sex wedding).

For the reasons more fully set forth below, the Kleins' Motion for Leave to File Brief of Amicus Curiae should be denied.

## AMICUS CURIAE STANDARD

The role of an amicus curiae is to assist "the court in cases of general public interest by making suggestions to the court, by providing supplementary assistance

to existing counsel and by insuring a complete and plenary presentation of difficult issues to that the court may reach a proper decision." *Newark Branch, N.A.A.C.P. v. Town of Harrison, N.J.*, 940 F.2d 792, 808 (3d Cir. 1991) (citing *Alexander v. Hall,* 64 F.R.D. 152, 155 (D.S.C.1974)). "The role of an amicus is generally 'to aid the Court in resolving doubtful issues of law rather than present a partisan view of the facts.'" *BancInsure, Inc. v. U.K. Bancorporation Inc./United Kentucky Bank of Pendleton Cty., Inc.*, 830 F.Supp.2d 294, 307 (E.D. Ky. 2011) (quoting *Dow Chemical Co., v. United States*. 2002 WL 33012185 *1 (E.D. Mich. May 24, 2002)). Amicus curiae literally means "friend of the court" and "perform[s] a valuable role for the judiciary precisely because they are nonparties who often have a different perspective from the principal litigants." *Connerly v. State Pers. Bd.*, 37 Cal. 4th 1169, 1177 (Cal. 2006).

"[P]articipation as an amicus to brief and argue as a friend of the court was, and continues to be, a privilege within the sound discretion of the courts, depending upon a finding that the proffered information of amicus is timely, useful, or otherwise necessary to the administration of justice." *United States v. State of Mich.*, 940 F.2d 143, 165 (6th Cir. 1991) (internal citations and quotations omitted). The historical purpose of an amicus "was to provide impartial information on matters of law about which there was doubt, especially in matters of public interest." *Id.* at 164. "The orthodox view of amicus curiae was, and is, that of an *impartial* friend of the

3

court – *not an adversary party in interest in the litigation.*" *Id.* at 164-65 (emphasis in original; internal citation omitted). In determining whether to grant leave to file amicus briefing, courts often consider several factors, including the opposition of the parties, interest of the movants, partisanship, and adequacy of representation. *Kollaritsch v. Michigan State University Board of Trustees*, 2017 WL 11454764, at *1 (W.D. Mich. Oct. 30, 2017).

## ARGUMENT

### I. The Kleins Should Not Be Allowed to Appear as Amicus Curiae Due to Their Partisan Interest in the Litigation.

The Kleins—who are still actively litigating their own challenge to Oregon's antidiscrimination law—readily admit their partisan interest in this case. *See* Motion for Leave to File Amicus Curiae Brief, Doc. 45, p. 2 ("This Court's decision in this case will establish precedent as to whether governments can force artists like Chelsey Nelson and the Kleins to speak messages through their art that violate their consciences.").

As such, the Kleins are not proper amici. *See Leigh v. Engle*, 535 F.Supp. 418, 421-22 (N.D. Ill. 1982) (denying the U.S. Secretary of Labor's motion to file an amicus brief that "[i]n every respect…support[ed] plaintiffs' legal theories and their construction of the facts" because the proposed brief was "not a memorandum amicus curiae" but rather, "to coin a Latin phrase, it is a memorandum amicus petitor, one proffered as a friend of the plaintiff(s)"); *Yip v. Pagano*, 606 F. Supp.

1566, 1568 (D.N.J. 1985), aff'd, 782 F.2d 1033 (3d Cir. 1986) ("Where a petitioner's attitude toward the litigation is patently partisan, he should not be allowed to appear as *amicus curiae*." (internal citation omitted)).

Permitting the Kleins' amicus brief would invite a flood of improper amicus filings. For example, would all plaintiffs actively litigating employment discrimination claims in courts around the country have the right to participate as amici in a Sixth Circuit employment discrimination appeal? Amicus curiae briefs are not the proper forum for parties to relitigate their own facts and arguments under the auspices of serving as a "friend of the court."

## II. The Kleins' Proposed Amicus Brief is Not Useful to the Court.

According to the Kleins, their proposed "*amicus* brief is desirable because *amici* provide a relevant, cogent analysis in light of existing Free Speech precedent . . . ." *See* Motion for Leave to File Amicus Curiae Brief, Doc. 45, p. 3. But Free Speech precedent has already been cogently briefed by the parties, and there is no suggestion that Nelson's counsel in this appeal have not adequately and thoroughly presented Nelson's arguments based on her Free Speech rights. Moreover, the Kleins' own challenge to enforcement of Oregon's antidiscrimination law is based—not on Free Speech—but on Free Exercise rights. *See Klein v. Oregon Bureau of Labor and Industries*, 506 P.3d 1108, review denied, 509 P.3d 119 (Or. App. 2022).

What the Kleins actually seek to do is to improperly interject facts that are lacking in Nelson's case in hopes of influencing the Court's analysis of Nelson's claims. Repeated reference to the "financially devastating" financial penalty and "gag order" imposed on the Kleins are plainly meant to suggest to the Court that Nelson is at risk of those same consequences of enforcement. In contrast to the Kleins, Nelson has never faced any enforcement action. Moreover, there is no evidence that Metro has *ever* imposed a financially devastating penalty or gag order on any target of enforcement of Metro's antidiscrimination law. Indeed, Metro's antidiscrimination law requires Metro to first seek compliance through conciliation efforts, which often involve educating the alleged offender about Metro's antidiscrimination law. *See* Louisville Metro Ordinance § 92.09(E)(2). Civil monetary fines for violations, if any, are modest in amount. *See* HRC Annual Report (2013-2014), RE 97-6, PageID # 3955-3956 (from July 2013 through June 2014, the two public accommodation complaints that were conciliated by Metro were resolved with $150 plus a $25 gift card in one case and $2,500 in the other case).

The purpose of an amicus is to serve as "an *impartial* friend of the court—*not an adversary party in interest in the litigation*." *State of Mich.*, 940 F.2d at 164-65 (emphasis in original) (quoting *Miller-Wohl Co. v. Comm'r of Lab. & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982)). Accordingly, amicus curiae have been "consistently precluded" from participating in litigation in "a totally adversarial

fashion," or "joining issues not joined by a party in interest." *Bright v. Brookdale Senior Living, Inc.*, 2020 WL 12893860, at *1 (M.D. Tenn. Oct. 23, 2020) (citation omitted). That is precisely what the Kleins are attempting to do in this case: participate in an adversarial fashion based on facts that have no parallel in Nelson's case. The Kleins' proposed amicus brief is nothing but a distraction from the issues actually before the Court and therefore should not be allowed.

## CONCLUSION

An amicus curiae is permitted for the purpose of assisting the court on matters of law, rather than presenting a partisan view of the facts. The Kleins' proposed amicus brief is highly partisan and based on facts not at issue in Nelson's case. For all the aforementioned reasons, the Kleins' motion for leave to file an amicus brief should be denied.

Respectfully submitted,

/s/ Casey L. Hinkle
Casey L. Hinkle
KAPLAN JOHNSON ABATE & BIRD LLP
710 W. Main Street, 4th Floor
Louisville, KY 40202
(502)-416-1636
chinkle@kaplanjohnsonlaw.com

John F. Carroll, Jr.
ASSISTANT JEFFERSON COUNTY ATTORNEY
MICHAEL J. O'CONNELL
JEFFERSON COUNTY ATTORNEY
200 South 5th Street, Suite 300N
Louisville, KY 40202

(502) 574-6321
john.carroll2@louisvilleky.gov
*Counsel for Defendants-Appellants
and Cross-Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2023, I filed the foregoing with the Court and served it upon opposing counsel by submitting it through the Court's CM/ECF system. All counsel of record are registered ECF users.

<u>/s/ Casey L. Hinkle</u>
*Counsel for Defendants-Appellants
and Cross-Appellees*