Nos. 22-5884 / 22-5912

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

───────────────────────────────────────

CHELSEY NELSON PHOTOGRAPHY LLC, ET AL.,

*Plaintiffs-Appellees and Cross-Appellants*

v.

LOUISVILLE-JEFFERSON COUNTY, KY METRO GOVERNMENT, ET AL.

*Defendants-Appellants and Cross-Appellees*

───────────────────────────────────────

On Appeal from the United States District Court
for the Western District of Kentucky
Case No. 3:19-cv-00851

───────────────────────────────────────

**SUPPLEMENTAL BRIEF OF APPELLANTS / CROSS-APPELLEES
LOUISVILLE-JEFFERSON COUNTY, KY METRO GOVERNMENT, ET AL.**

───────────────────────────────────────

John F. Carroll, Jr.
ASST. JEFFERSON COUNTY ATTORNEY
MICHAEL J. O'CONNELL
JEFFERSON COUNTY ATTORNEY
200 South 5th St., Suite 300N
Louisville, KY 40202
(502) 574-6321
john.carroll2@louisvilleky.gov

Casey L. Hinkle
KAPLAN JOHNSON ABATE & BIRD LLP
710 W. Main St., 4th Floor
Louisville, KY 40202
(502) 416-1636
chinkle@kaplanjohnsonlaw.com

The Supreme Court's recent decision in *303 Creative LLC v. Elenis*, No. 21-476, 2023 WL 4277208 (U.S. June 30, 2023) is not dispositive of this appeal. The decision addressed a single certified question: "Whether applying a public-accommodation law to compel an artist to speak or stay silent violates the Free Speech Clause of the First Amendment." 142 S. Ct. 1106 (2022). The Supreme Court answered the question—so framed—in favor of a graphic designer who claimed that she wanted to expand her business to wedding websites but feared enforcement of Colorado's public accommodations law because she would refuse to provide wedding websites for same-sex weddings. The Supreme Court decided the free speech issues presented by 303 Creative based on stipulations that do not exist in this case.

The Court held that 303 Creative's wedding websites constitute "pure speech" because that "conclusion . . . flows directly from the parties' stipulations" that Lorie Smith (the sole member of 303 Creative) "will create these websites to communicate ideas—namely, to 'celebrate and promote the couple's wedding and unique love story' and to 'celebrat[e] and promot[e]' what Ms. Smith understands to be a true marriage." 2023 WL 4277208, at *8; *see also id.* at *14 ("Doubtless, determining what qualifies as expressive activity protected by the First Amendment can sometimes raise difficult questions. But this case presents no complication of that kind. The parties have *stipulated* that Ms. Smith seeks to engage in expressive

1

activity." (emphasis original)). Based on that stipulation, the Court found that application of Colorado's public accommodation law to 303 Creative would compel Smith to create speech she disagrees with. *Id.* at *9.

In this case, Louisville Metro[1] has argued based on longstanding precedent that Chelsey Nelson's[2] wedding photography does *not* constitute pure speech and that Louisville Metro's Ordinance[3] does *not* compel speech. Louisville Metro's Ordinance regulates Nelson's commercial conduct—not the content of her speech. The Ordinance allows businesses to choose whatever products and services they want to offer, and merely requires that a business not deny those goods or services based on a customer's protected characteristic. That Nelson *intends* to convey a message with her wedding photography does not convert a generally applicable public accommodations law into a regulation of speech. *United States v. O'Brien*, 391 U.S. 367, 376 (1967) (rejecting the view that "conduct can be labeled 'speech' whenever the person engaging in the conduct intends thereby to express an idea").

---

[1] "Louisville Metro" means Defendant-Appellant Louisville-Jefferson County, KY Metro Government.

[2] "Nelson" collectively means Plaintiff-Appellees Chelsey Nelson, individually, and her photography business Chelsey Nelson Photography LLC.

[3] The "Ordinance" means Louisville Metro Ordinance § 92.05(A) & (B). A complete copy of Louisville's antidiscrimination law was filed with the District Court as RE 97-1.

To the extent that Nelson wishes to define her wedding photography services as limited to photography that celebrates weddings that are consistent with her religious beliefs, Nelson's photography business is not truly a public accommodation. She does not want to offer her services for sale to the "general public." Louisville Metro Ordinance § 92.02 (defining public accommodation as a store or other establishment that "supplies goods or services to the general public or which solicits or accepts the patronage or trade of the general public"). Nelson wants to photograph weddings of people in her church congregation, or at least within her religious faith. Although this case was filed to assert Nelson's objections to photographing same-sex weddings, Nelson's arguments would also apply to an objection to photographing a Jewish, Muslim, Hindu, or Buddhist wedding.

The Supreme Court's decision in *303 Creative* has no impact on the remaining issues presented by this appeal: (1) whether Nelson has standing; (2) whether the dispute is ripe; (3) whether Nelson has standing or a meritorious claim under Kentucky's Religious Freedom Restoration Act; (4) whether the District Court erred in excluding expert opinion offered by Louisville Metro; and (5) the issues presented by Nelson's cross-appeal.

Although the Supreme Court briefly addressed the issue of standing in *303 Creative*, the Court did not certify any question of standing and it was not the subject of any significant analysis. 2023 WL 4277208, at *5. Moreover, 303

Creative's standing is easily distinguished from Nelson's assertion of standing in this case based on differences in the enforcement history between Colorado and Louisville Metro's public accommodations laws. Colorado's public accommodation law was famously enforced against a wedding vendor who asserted a religious objection to baking a custom cake for a same-sex wedding, a dispute that found its way to the Supreme Court in *Masterpiece Cakeshop, Ltd. v. Colorado Civil Rights Com'n*, 138 S. Ct. 1719 (2018). By contrast, although Louisville Metro actively enforces its antidiscrimination law, no Louisville-based public accommodation has ever been investigated or sanctioned under the Ordinance for refusal to provide services to a same-sex wedding.

For the foregoing reasons and those set forth in prior briefing, this Court should reverse the District Court's grant of summary of judgment to Chelsey Nelson, affirm the District Court's holdings that are the subject of Nelson's cross-appeal, vacate the injunction entered by the District Court, and remand the case to District Court with a direction to enter judgment in favor of Louisville Metro, dismissing Nelson's claims with prejudice.

Respectfully submitted,

/s/ Casey L. Hinkle

Casey L. Hinkle
KAPLAN JOHNSON ABATE & BIRD LLP
710 W. Main Street, 4th Floor
Louisville, KY 40202
(502)-416-1636
chinkle@kaplanjohnsonlaw.com

John F. Carroll, Jr.
ASSISTANT JEFFERSON COUNTY ATTORNEY
MICHAEL J. O'CONNELL
JEFFERSON COUNTY ATTORNEY
200 South 5th Street, Suite 300N
Louisville, KY 40202
(502) 574-6321
john.carroll2@louisvilleky.gov

*Counsel for Defendants-Appellants
and Cross-Appellees*

5

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitation set in the Court's June 30, 2023 briefing letter, because it is less than 15 pages in length, double-spaced.

I further certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

/s/ Casey L. Hinkle
*Counsel for Defendants-Appellants*
*and Cross-Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2023, I filed the foregoing with the Court and served it upon opposing counsel by submitting it through the Court's CM/ECF system. All counsel of record are registered ECF users.

/s/ Casey L. Hinkle
*Counsel for Defendants-Appellants*
*and Cross-Appellees*
