

July 20, 2023

<u>VIA CM/ECF</u>

Deborah S. Hunt, Clerk
U.S. Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, OH 45202

      Re:   *Chelsey Nelson Photography v. Louisville-Jefferson County, KY Metro Government*, Case Nos. 22-5884, 22-5912

Dear Ms. Hunt:

    I write to notify the Court about supplemental authority under Federal Rule of Appellate Procedure 28(j). This Court's decision in *Block v. Canepa*, No. 22-3852, 2023 WL 4540523 (6th Cir. July 14, 2023), confirms that Chelsey Nelson and her studio have standing to challenge Louisville's law because she faces a credible prosecution threat—just as the district court held. Order, R.130, PageID#5359–5364.

    Specifically, *Block* rejects Louisville's standing arguments that (1) the *McKay* factors always apply, and (2) Nelson must show prior enforcement against activities just like hers. Metro.3d.Br.5–6; Metro.Supp.Br.4.

    First, *Block* did not use *McKay*'s "multi-factored standing analysis." Metro.3d.Br.5. Instead, *Block* noted that the law applied to the plaintiff—Kenneth Miller, a wine connoisseur—and limited his importation of out-of-state wine. *Block*, 2023 WL 4540523, at *2. This Court then said he faced a credible threat because the government (a) previously enforced the law and (b) refused to disavow. *Id.* at *5–6. That analysis in *Block* mirrors cases that presume governments will enforce their laws. Nelson.Br.23–25. The same logic applies here and confirms Nelson standing. Nelson.Br.19–27.

    Second, this Court rejected the government's argument that a plaintiff is "obligated to show" prior enforcement against the *same conduct* as plaintiff's desired conduct. *Block*, 2023 WL 4540523, at *6. Miller wanted to purchase out-of-state *wine*. *Id.* at *2. To establish standing, he pointed to at most eleven prosecutions or citations involving *liquor or beer*. *Id.* at *3, *5. Though the district court discounted these past

1

prosecutions because they didn't involve wine, that analysis was "flawed." *Id.* at \*6. Miller didn't need to show evidence of past prosecutions involving *wine*; it was enough to show enforcement of the law generally. *Id.* Likewise here. Louisville conceded to actively enforcing its law and has prosecuted at least 100 public-accommodations complaints and investigated 173 sexual-orientation complaints overall. Nelson.Br.27. *Block* relied on just 11 prior enforcement actions. 2023 WL 4540523, at \*3, \*5. Louisville's history beats that many times over. Nelson is not required to identify a previously prosecuted doppelganger.

Thank you for bringing this letter to the Court's attention.

        Sincerely,

        *s/ Jonathan A. Scruggs*
        Jonathan A. Scruggs
        ALLIANCE DEFENDING FREEDOM
        15100 N. 90th Street
        Scottsdale, AZ 85260
        (480) 444-0020
        jscruggs@adflegal.org

        *Attorney for Appellees/Cross-Appellants*

## CERTIFICATE OF SERVICE

I certify that on July 20, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

<div style="margin-left:2em;">

*s/ Jonathan A. Scruggs*
Jonathan A. Scruggs
*Attorney for Appellees/Cross-Appellants*

</div>