

**CASEY L. HINKLE**
(502) 416-1636
chinkle@kaplanjohnsonlaw.com

**VIA CM/ECF**

July 26, 2023

Deborah S. Hunt, Clerk
U.S. Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, OH 45202

    **Re:**   *Chelsey Nelson Photography LLC, et al. v. Louisville-Jefferson County, KY Metro Government, et al.*, Case Nos. 22-5884, 22-5912

Dear Ms. Hunt:

    I write to notify the Court about supplemental authority under Federal Rule of Appellate Procedure 28(j).

    Plaintiff-Appellee Chelsey Nelson recently disclosed that she moved outside Kentucky. Fourth Brief (Doc. 49), p. 10 n.1. This disclosure was accompanied by an attorney representation (not evidence) that Nelson "just hired" a Louisville-based marketing assistant to advertise to Louisville customers and that hypothetically Nelson would return to Louisville to photograph a wedding. *Id.* Although Nelson did not disclose where she moved, a publicly-available deed from Nelson's recent sale of her Louisville residence indicates that she has moved to Tallahassee, Florida. *See* Jefferson County Deed Book 12580 Page 97.

    Since filing the Complaint on November 19, 2019, Nelson has photographed just two weddings, one in the same month the Complaint was filed and a second in June 2021. There is no evidence in the record that Nelson has ever traveled out-of-

state to provide photography services, much less a distance equivalent to the 600+ miles from Tallahassee to Louisville. There is no evidence in the record that Louisville has ever enforced its public accommodations law against a non-resident.

Therefore, Nelson cannot establish a credible threat of enforcement sufficient to support her assertion of pre-enforcement standing to challenge Louisville Metro's public accommodations law. *See Erickson v. City of Leavenworth*, 782 F. Supp. 2d 1163 (E.D. Wash. 2011) (non-resident plaintiff lacked standing to challenge city ordinances). Her claims are now moot. To hold otherwise would suggest that plaintiffs have nationwide standing to challenge local ordinances.

"[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 45 (1997). "When a civil case becomes moot pending appellate adjudication, the established practice in the federal system is to reverse or vacate the judgment below and remand with a direction to dismiss." *Id.* (citation omitted). In the alternative, it would be appropriate for this Court to remand to the District Court to conduct discovery and make new findings regarding Nelson's standing. Defendants-Appellants intend to file a motion to remand requesting this relief.

Best regards,

Casey L. Hinkle
**KAPLAN JOHNSON ABATE & BIRD LLP**

*Counsel for Defendants-Appellants and Cross-Appellees*

## CERTIFICATE OF SERVICE

    I hereby certify that on July 26, 2023, I filed the foregoing with the Court and served it upon opposing counsel by submitting it through the Court's CM/ECF system. All counsel of record are registered ECF users.

                                        /s/ Casey L. Hinkle
                                        *Counsel for Defendants-Appellants and Cross-Appellees*