# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

CHELSEY NELSON PHOTGRAPHY LLC, et al.

*Plaintiffs-Appellees and Cross-Appellants*

v.

LOUISVILLE-JEFFERSON COUNTY, KY METRO GOVERNMENT, et al.

*Defendants-Appellants and Cross-Appellees*

No. 22-5884 (appeal)

No. 22-5912 (cross-appeal)

## LOUISVILLE METRO'S MOTION TO REMAND TO DISTRICT COURT

Defendants-Appellants and Cross-Appellees Louisville-Jefferson County Metro Government, Louisville Metro Human Relations Commission-Enforcement, Louisville Metro Human Relations Commission-Advocacy, Verná Goatley, in her official capacity as Executive Director of the Louisville Metro Human Relations Commission-Enforcement, and Glenda Berry, Kevin Delahanty, Leslie Faust, Andrea Houston, Charles Rogers, William Sutter, and Leonard Thomas, in their official capacities as members of the Louisville Metro Human Relations Commission-Enforcement (collectively, "Louisville Metro"), hereby move for an order remanding this matter to District Court in light of Chelsey Nelson's recent disclosure that she moved outside Kentucky.

Plaintiffs-Appellees and Cross-Appellants Chelsey Nelson and her wedding photography business, Chelsey Nelson Photography LLC (collectively, "Nelson"), do not wish to provide wedding photography services to same-sex couples. Nelson filed this case as a pre-enforcement challenge to seek a declaratory judgment that Louisville's antidiscrimination law (the "Ordinance") violates her rights to free speech and freedom of religion. The District Court found that Nelson had standing and granted Nelson a permanent injunction which prohibits enforcement of the Ordinance against Nelson, and declares that the Ordinance violates Nelson's right to free speech under the First Amendment and right to freedom of religion under Kentucky's Religious Freedom Restoration Act (KRS 446.350) ("KRFRA"). RE 130 at PageID # 5396.

During the District Court proceedings, Nelson lived in Louisville, Kentucky. Complaint, RE 1, PageID # 4. After Louisville Metro filed its Third Brief with the Sixth Circuit, Nelson disclosed that she moved outside Kentucky. Fourth Brief (Doc. 49), p. 10 n.1.[1] This disclosure was accompanied by an attorney representation (not evidence[2]) that Nelson "just hired" a Louisville-based marketing assistant to advertise to Louisville customers and that hypothetically Nelson would return to

---

[1] Page number citations are to the ECF-generated page number.

[2] *Camaj v. Holder*, 625 F.3d 988, 992 n.3 (6th Cir. 2010) ("unsupported assertions of counsel are not evidence").

2

Louisville to photograph a wedding. *Id.* Although Nelson did not disclose where she moved, a publicly-available deed from Nelson's recent sale of her Louisville residence indicates that she has moved to Tallahassee, Florida. *See* Jefferson County Deed Book 12580 Page 97, attached as Exhibit 1.

Since filing the Complaint on November 19, 2019, Nelson has photographed just two weddings, one in the same month the Complaint was filed and a second in June 2021. There is no evidence in the record that Nelson has ever traveled out-of-state to provide photography services, much less a distance equivalent to the 600+ miles from Tallahassee to Louisville. There is no evidence in the record that Louisville has ever enforced its public accommodations law against a non-resident.

Louisville Metro previously argued to this Court that the District Court erred when it found that Nelson had standing, even when she lived in Louisville, Kentucky. First Brief (Doc. 28), pp. 22-30; Third Brief (Doc. 48), pp. 11-20. In light of Nelson's move out-of-state, it is even more clear that she cannot establish a credible threat of enforcement sufficient to support her assertion of pre-enforcement standing to challenge Louisville Metro's Ordinance. *See Erickson v. City of Leavenworth*, 782 F. Supp. 2d 1163 (E.D. Wash. 2011) (non-resident plaintiff lacked pre-enforcement standing for First Amendment challenge to city ordinances). Her claims are now moot.

To hold otherwise—*i.e.* that Nelson, a Florida resident, has standing to file a pre-enforcement challenge to Louisville Metro's Ordinance—would suggest that plaintiffs have nationwide standing to challenge local ordinances. In the case of a public accommodations law, a plaintiff would need only advertise their business on a website that is accessible from all 50 states and make the self-serving assertion that they would hypothetically provide services in the jurisdiction in which they choose to file suit to support the right to file constitutional challenges to state and local ordinances around the country.

Such an expansive conception of pre-enforcement standing is as absurd as it is unprecedented. Interest groups would be permitted to fill Court dockets around the country with hypothetical and abstract disputes without even needing to go to the trouble of finding a local plaintiff. Indeed, they could file multiple lawsuits challenging laws in different jurisdictions around the country on behalf of the *same plaintiff*.

Such an absurd result is not contemplated or authorized by Article III and would render meaningless the framework for analysis of pre-enforcement standing set forth in *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014) (requiring a separate analysis of whether the plaintiff intends to violate a statute and whether plaintiff faces a credible threat of prosecution thereunder). *See also McKay v. Federspiel*, 823 F.3d 862, 868-69 (6th Cir. 2016) (holding that "allegations of a

'subjective chill' on protected speech are insufficient to establish an injury-in-fact for pre-enforcement standing purposes" and requiring plaintiffs to demonstrate "some combination of the following factors: (1) a history of past enforcement against the plaintiffs or others; (2) enforcement warning letters sent to the plaintiffs regarding their specific conduct; and/or (3) an attribute of the challenged statute that makes enforcement easier or more likely, such as a provision allowing any member of the public to initiate an enforcement action").

All of Nelson's claims must be dismissed for lack of standing, but her claim that the Ordinance violates her rights under KRFRA warrants special attention. There is nothing on the face of the statute that suggests the Kentucky legislature intended KRFRA to apply extra-territorially to protect the religious freedoms of residents of Florida or any other state. *See* KRS 446.350. Under accepted principles of statutory construction the statute must not be given extra-territorial effect. *See* 73 Am. Jur. 2d Statutes § 235 ("[U]nless the intention to have a statute operate beyond the limits of the state or country is clearly expressed or indicated by its language, purpose, subject matter, or history, no legislation is presumed to be intended to operate outside the territorial jurisdiction of the state or country enacting it. To the contrary, the presumption is that the statute is intended to have no extraterritorial effect but to apply only within the territorial jurisdiction of the state or country enacting it. Thus, an extraterritorial effect is not to be given statutes by

5

implication."); *BMW Stores, Inc. v. Peugeot Motors of America, Inc.*, 860 F.2d 212, 215 (6th Cir. 1988) (rejecting extra-territorial application of Kentucky statute). Because Nelson is no longer a Kentucky resident, her claim under KRFRA is now moot.

Standing is a jurisdictional requirement. *Coal Operators and Associates, Inc. v. Babbitt*, 291 F.3d 912, 915 (6th Cir. 2002). "[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 45 (1997). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (internal quotation omitted). When a civil case becomes moot pending appellate adjudication, the established practice in the federal system is to reverse or vacate the judgment below and remand with a direction to dismiss. *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950); *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 23 (1994) ("vacatur must be granted where mootness results from the unilateral action of the party who prevailed in the lower court").

Nelson's admission that she has moved out of Kentucky requires dismissal of her claims. If the Court disagrees and believes further inquiry is appropriate to determine whether Nelson can establish standing to pursue some or all of her claims,

the appropriate course is to remand the case to District Court for further proceedings, where the parties could take discovery and submit evidence relevant to the new evaluation of Nelson's standing. Appellate courts are not the appropriate forum for fact-finding.

For the foregoing reasons, Louisville Metro respectfully requests that this Court remand this case to District Court with a direction to vacate the injunction granted to Nelson and to dismiss Nelson's claims. Alternatively, Louisville-Metro respectfully requests that this Court remand this case to the District Court to conduct discovery and make new findings regarding Nelson's standing.

Respectfully submitted,

/s/ Casey L. Hinkle

Casey L. Hinkle
KAPLAN JOHNSON ABATE & BIRD LLP
710 W. Main Street, 4th Floor
Louisville, KY 40202
(502)-416-1630
chinkle@kaplanjohnsonlaw.com

John F. Carroll, Jr.
ASSISTANT JEFFERSON COUNTY ATTORNEYS
531 Court Place, Ste. 900
Louisville, Kentucky 40202
(502) 574-6321
john.carroll2@louisvilleky.gov

*Counsel for Defendants-Appellants
and Cross-Appellees*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitation set in Fed. R. App. P. 27 because it contains 1,366 words.

I further certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

/s/ Casey L. Hinkle
*Counsel for Defendants-Appellants and Cross-Appellees*

## CERTIFICATE OF SERVICE

I certify that on July 27, 2023, I served the foregoing motion via the CM-ECF filing system on all counsel of record.

/s/ Casey L. Hinkle
*Counsel for Defendants-Appellants and Cross-Appellees*